**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4078-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HASSAN A. JONES, a/k/a NAEEM
JOHNSON,

    Defendant-Appellant.

_____

Submitted May 30, 2018 — Decided July 20, 2018

Before Judges Sumners and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Burlington County, Indictment
No. 11-11-1343.

Joseph E. Krakora, Public Defender, attorney
for appellant (Michele A. Adubato, Designated
Counsel, on the brief).

Scott A. Coffina, Burlington County
Prosecutor, attorney for respondent (Nicole
Handy, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

    A jury convicted defendant Hassan A. Jones of second-degree

sexual assault, third-degree criminal restraint, third-degree

aggravated assault, and third-degree terroristic threats. Defendant withdrew the direct appeal that he filed. Two-and-a-half years after his conviction, he filed a petition for post-conviction relief (PCR). After conducting an evidentiary hearing, Judge Christopher J. Garrenger issued an order and written decision denying the petition. Defendant appeals contending:

POINT I

SINCE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE DENIAL OF HIS PETITION FOR POST-CONVICTION RELIEF WAS [AN] ERROR.

A. TRIAL COUNSEL FAILED TO CONDUCT AN ADEQUATE INVESTIGATION.

B. FAILURE TO OBJECT TO OBTAIN EVIDENCE.

C. FAILURE TO CALL CERTAIN WITNESSESS.

We affirm substantially for the reasons set forth in Judge Garrenger's well-written decision.

To prove ineffective assistance of plea counsel, a defendant must show that counsel's performance was deficient and but for counsel's errors, there is a reasonable probability that defendant would not have pled guilty. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); State v. DiFrisco, 137 N.J. 434, 457 (1994). Where, as here, the PCR judge conducts an evidentiary hearing, we must uphold his factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State

2                                                          A-4078-16T4

v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to his findings that are "substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15). We owe particular deference to the judge's credibility determinations. See State v. Locurto, 157 N.J. 463, 474 (1999). We, however, do "not defer to a PCR [judge's] interpretation of the law; a legal conclusion is reviewed de novo." State v. Nash, 212 N.J. 518, 540-41 (2013).

The record of defendant's trial revealed that three children were born from defendant's and the victim's tumultuous ten-year relationship; the victim filed eight domestic violence complaints during the last five years of their relationship that were all withdrawn, and obtained a restraining order against defendant. According to the victim's testimony, one night, after defendant returned home and she refused his demands to have sex, he verbally threatened her, physically assaulted her and forced her to have intercourse against her will. The victim recorded the entire incident on her cell phone, which she placed in her pants' back pocket when he entered the house because she feared that a domestic dispute would occur and she wanted to document it. Three days later, she filed a criminal complaint against defendant.

In his PCR petition, defendant asserted counsel's inadequate investigation failed to reveal that the victim had a history of making false accusations — eight altogether — against him that she withdrew. He argued that, with this knowledge, counsel could have impeached her credibility by questioning her about the veracity of those accusations.

Judge Garrenger determined that the prior complaints would not have been admitted as false accusations because the admissibility of prior false accusations is governed by N.J.R.E. 608(b), which requires a hearing be held to determine if the accusations were definitively false, and there was no evidence presented that the victim's prior accusations were false. That said, the judge pointed out that counsel did cross-examine the victim regarding the withdrawn complaints. Yet, the judge found credible counsel's evidentiary hearing testimony that he refrained from delving too deeply into those accusations out of concern it would open the door to allow the State, through re-direct examination of the victim, to provide the jury details concerning her numerous allegations of defendant's abusive acts.[1]

We agree with Judge Garrenger's assessment that counsel's trial strategy to not highlight the victim's withdrawn complaints

---

[1] The police reports regarding the incidents contained defendant's admissions of verbal and physical assaults against the victim.

was not proof of ineffective assistance of counsel. We further add that defendant did not assert facts through affidavits or certifications based upon personal knowledge, what a more adequate investigation would have revealed and how that inadequacy prejudiced his defense. See State v. Porter, 216 N.J. 343, 352 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Thus, defendant's mere "bald assertions" do not support a claim of ineffective assistance. Cummings, 321 N.J. Super. at 170.

Next, defendant contended counsel failed to object to the admissibility of the cell phone recording. He maintains counsel erred in admitting to its admissibility because the State had to prove the four factors set forth in State v. Driver, 38 N.J. 255, 287 (1962), that (1) "the device was capable of [taping] the conversation or statement; (2) the operator was competent; (3) the recording is authentic and correct; [and] (4) no changes, additions or deletions have been made."

Judge Garrenger found no merit to this argument because the State — through the victim's testimony — provided a proper foundation to admit the recording under Driver. He underscored the flaw of defendant's argument by pointing out that it contradicted his PCR certification "that the recording only contains a 'heated argument' and that he never physically

assaulted" the victim. We conclude the judge's determination is on point, and agree with him that defendant has not shown the recording would have been excluded if counsel sought to bar its admission. "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688; Fritz, 105 N.J. at 52).

Lastly, defendant contended counsel was ineffective for not calling two witnesses, defendant's sister and nephew, to testify at trial to impeach the victim's credibility. To prove this contention, the witnesses testified at the evidentiary hearing that the victim stated she was remorseful about making the charges against defendant and considered dropping them. Both witness, however, stated the victim never said the incident did not occur. Counsel testified he was aware of the sister's potential testimony — and had constant contact with her during the trial — but decided not to have her testify because the victim never told her that the rape did not occur. As for the nephew, counsel stated he was never informed that the nephew also heard the victim say she regretted making the charges. The nephew's testimony confirmed that he did not tell counsel — nor was he told to do so — about the victim's alleged remorse.

Relying upon the pronouncement in Strickland, 466 U.S. at 693, 689, that a trial counsel's decision to call witnesses is strategic and a PCR court's review of such decision is "highly deferential," Judge Garrenger stated:

> Counsel performed a satisfactory pre-trial investigation and the strategic decision not to call [the witnesses] . . . is entitled to the same high deference offered to all such decisions. The [c]ourt finds that [c]ounsel's actions were not deficient and [defendant] has failed to satisfy the first prong of Strickland.

He further determined that without the testimony of these witnesses, counsel sought to impeach the victim through his cross-examination of her by "highlight[ing] [the] gap between the times the alleged incident occurred and her actual filing of the complaint, along with emphasizing matters not contained on the [cell phone] recording in an attempt to . . . raise doubt in the jurors' minds." In short, the judge saw nothing wrong with counsel's reasoning that the sister would not have provided beneficial trial testimony for the defense. We add that, even if counsel was aware of the nephew's potential testimony, the same reasoning would have applied to the nephew' testimony.

Giving deference to the judge's fact-finding because the record supports it, we agree with his application of Strickland

to determine that counsel's exercise of trial strategy in not calling the two witnesses was not ineffective assistance.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION